UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 2:10-cr-00499-LRH-GWF |
| v. | ORDER |
| RANDY HAAS, | |
| Defendant. | |

Before the court is petitioner Randy Haas's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 39. Haas seeks relief from his conviction for the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). He contends that the underlying charge of attempted Hobbs Act robbery under 18 U.S.C. § 1951 can no longer be considered a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

In the context of a motion to dismiss a count of an indictment, this court ruled that Hobbs Act robbery is crime of violence under section 924(c)'s force clause. *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912 (D. Nev. May 19, 2017). In turn, the court has denied section 2255 motions involving a Hobbs Act robbery underlying a section 924(c) conviction, reasoning that, even if 924(c)'s *residual* clause is void for vagueness, Hobbs Act robbery is still categorically a crime of violence under the *force* clause. *E.g.*, *United States v. Espinoza*, No. 3:13-cr-00037-LRH-WGC, at (ECF No. 38).

Nonetheless, the court recognizes that inchoate offenses pose unique issues in determining whether they categorically match the force clause. *See, e.g.*, *United States v. Smith*, 215 F. Supp. 3d 1026, 1034 (D. Nev. 2016) (holding that, unlike Hobbs Act robbery, *conspiracy* to commit Hobbs Act robbery is not a crime of violence). The court will therefore grant Haas an opportunity to submit a supplementary briefing addressing only the issue of whether *attempted* Hobbs Act robbery is a crime of violence. The United States may respond to this briefing and may, in this response, also address whether section 924(c)'s *residual* clause is void for vagueness in light of *Johnson* and *Dimaya*.[1] Haas may address both issues in a reply briefing.

IT IS THEREFORE ORDERED that petitioner Randy Haas may file a supplemental brief in accordance with this order within 21 days of this order. The United States may submit a response within 14 days of Haas filing his supplemental brief, and Haas may submit a reply within 7 days of the United States' response.

IT IS SO ORDERED.

DATED this 12th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Haas argues in his section 2255 motion that section 924(c)'s residual clause is void for vagueness. ECF No. 39 at 6–10. This point will only be relevant to the disposition of his motion if the court finds that attempted Hobbs Act robbery does *not* satisfy the force clause.