UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:10-cr-00499-LRH-GWF-1 |
|---|---|
| Respondent/ Plaintiff, | ORDER |
| v. | |
| RANDY HAAS, | |
| Petitioner/ Defendant. | |

Before the court is petitioner Randy Haas' motion, with supplemental briefing as ordered by the court, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 37, 39, 40, 41. The United States filed an opposition, (ECF No. 44), to which Haas replied, (ECF No. 45). Subsequently, the Government filed a motion for leave to advise the court of relevant new authority, *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018). ECF No. 47. Based on this relevant new authority, Hass then filed a motion to stay his § 2255 motion pending the resolution of the mandate or until the United States Supreme Court resolved the issue of *certiorari* in *Blackstone*. ECF No. 48. The Government filed an opposition to the stay (ECF No. 49), to which Haas replied (ECF No. 50).

Upon review of the pending motions, the Court denies Haas's motion to vacate his sentence under § 2255, denies his motion to stay as moot, and denies the Government's motion for leave to advise the court of *Blackstone* as moot, in light of the recent Supreme Court ruling in *United States v. Davis*, 588 U.S. \_\_\_, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019).

///

1

## I. BACKGROUND

On September 29, 2010, Haas was indicted for (1) attempted interference with commerce by robbery, under 18 U.S.C. § 1951 ("attempted Hobbs Act robbery"); (2) discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), after he attempted to take $1,800.00 worth of 80-milligram OxyContin pills from "Mike," a drug dealer, brandishing and discharging a firearm in the process. ECF No. 1. On March 11, 2011, a plea agreement was reached in which Haas agreed to plead guilty to Count II, discharging a firearm during a crime of violence, in exchange for the Government dismissing Counts I and III. ECF No. 27. The same day, in open court, Haas changed his plea and the court deferred accepting or rejecting the plea agreement until sentencing. ECF No. 26. The court ultimately accepted the plea agreement and Haas was sentenced on July 11, 2011, to 120-months custody, with credit for time served, and 3-years supervised release with special conditions. ECF Nos. 33, 35.

On June 20, 2016, Haas filed an abridged motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). ECF No. 37. Haas then filed his full brief on the issues on December 9, 2016. ECF No. 39.

On July 12, 2017, the court granted Haas the opportunity to file supplemental briefing on whether attempted Hobbs Act robbery is a crime of violence and invited the Government to respond. ECF No. 40. Haas provided said briefing, (ECF No. 41), to which the Government responded (ECF No. 44), and Haas replied (ECF No. 45).

On October 3, 2018, the Government filed a motion for leave to advise the court of new relevant legal authority, *Blackstone*, arguing that Haas's claims are time barred under the new precedent. ECF No. 47. In response, Haas filed a motion to stay his §2255 motion to vacate pending resolution of *Blackstone*, either on rehearing *en banc* before the Ninth Circuit or resolution of the issue of *certiorari*, whichever is later. ECF No. 48. Accordingly, the Government opposed the stay (ECF No. 49), to which Haas replied (ECF No. 50). The court now rules on all pending motions before the court.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. DISCUSSION

### A. Haas's claim is not waived or procedurally barred.

The Government argues that Haas waived his right to challenge his sentence because (1) his plea agreement contains a collateral-attack waiver, and (2) he failed to raise the issue on direct appeal. ECF No. 44 at 3. These arguments are unavailing. First, the Ninth Circuit has held that an appeal waiver in the plea agreement does not bar a defendant's challenge to his sentence based on an unconstitutionally vague statute. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the constitution.'"). As Haas argues that his sentence should be vacated because it was based on the now unconstitutionally vague residual clause of § 924(c), his motion is not barred by the plea agreement.

Second, Haas is not barred from collaterally attacking his sentence because he failed to do so on direct appeal. Under § 2255(f)(3), Haas is entitled to challenge his sentence within one year of "the date on which the right [he] assert[s] was *initially* recognized by the Supreme Court." (emphasis added). Courts in this District have previously held that a petition challenging the constitutionality of § 924(c)'s residual clause brought within one year of *Johnson* was timely. *See United States v. Bonaparte*, Case No. 2:12-cr-132-JAD-CWH-2, 2017 WL 3159984, at *2 (D.

Nev. July 25, 2017); *United States v. Harrison Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *2 (D. Nev. July 19, 2018) ("*Harrison Johnson*"). As Haas' initial motion was brought within 1 year of *Johnson*, this court likewise finds it timely. However, the court need not rest its decision on *Johnson* alone because the Supreme Court, in *United States v. Davis*, ruled that the residual clause of § 924(c) is likewise unconstitutionally vague. 588 U.S., 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019). Therefore, Haas' motion is timely.

**B. While the residual clause of § 924(c) is unconstitutionally vague, Haas' sentence is upheld under the "elements" clause of the statute.**

Haas plead guilty to Count II of the indictment, which charged him with violating 18 U.S.C. § 924(c)(1)(A). This statute provides "any person, who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment" of not less than 10 years if the firearm is discharged. The statute further defines "crime of violence" in two ways. The first, by what is known as the "elements" or "force" clause: "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The second, by what is known as the residual clause: an offense that is a felony and "that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Haas argues that attempted Hobbs Act Robbery is not a crime of violence by its elements, and thus his sentence under § 924(c) could only have arisen from the unconstitutionally vague residual clause, and therefore, must be vacated. ECF Nos. 39; 41. The court disagrees because attempted Hobbs Act robbery is a crime of violence.

This court faced the same issue last year in *Harrison Johnson*, 2018 WL 3518448, at *3 and again this year in *United States v. Romero-Lobato*, No. 3:18-cr-00049-LRH-CBC**,** 2019 U.S. Dist. WL 2179633, at *3-4 (D. Nev. May 17, 2019) (implementing the same reasoning from *Harrison Johnson*). In *Harrison Johnson*, Judge Jennifer A. Dorsey found that attempted Hobbs Act robbery qualified as a crime of violence under the elements clause of § 924(c)(3)(A) when

4

applying the modified categorical approach. 2018 WL 3518448, at *4. Judge Dorsey concluded that the Hobbs Act is divisible, meaning that she could apply the modified categorical approach instead of the categorical approach to determine whether Hobbs Act robbery is a crime of violence. *Id.* at *3 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013) (approving of the use of the modified categorical approach in lieu of the categorical approach when the statute is divisible)). For a statute to be divisible, it must contain multiple, alternative elements of functionally separate crimes, not just be disjunctively worded. *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015). The Hobbs Act robbery statute, 18 U.S.C. §1951(a), states that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." Judge Dorsey found the statute to have six functionally separate crimes: (1) interference with commerce by robbery; (2) interference with commerce by extortion; (3) attempt to interfere with commerce by robbery; (4) attempt to interfere with commerce by extortion; (5) conspiracy to interfere with commerce by robbery, and (6) conspiracy to interfere with commerce by extortion. *Harrison Johnson*, 2018 WL 3518448, at *3. The Court agrees with this reading of §1951(a), and also finds that the statute is divisible.

Because the statute is divisible, the court may apply the modified categorical approach to the specific predicate offense under which Haas was charged – an attempt to interfere with commerce by robbery – to determine if it qualifies as a crime of violence under §924(c)(3)(A). To prove attempted Hobbs Act robbery, the government must show that (1) the defendant knowingly attempted to obtain OxyContin from a victim; (2) the defendant attempted to do so by means of robbery; (3) the defendant believed that the victim would part with the OxyContin because of the robbery; (4) the robbery would have affected interstate commerce; and (5) the defendant took a substantial step toward committing the crime. *See* 9th Cir. Model Jury Instruction 8.143A Hobbs Act—Robbery or Attempted Robbery (Approved April 2019); *Harrison Johnson*, 2018 WL 3518448, at *4. From a plain reading of the elements of attempted Hobbs Act robbery, it is clear

5

that such offense "has as an element, the use, attempted use, or threatened use of force," and therefore, by its elements, attempted Hobbs Act robbery meets the definition of crime of violence.

The elements clause of §924(c)(3)(A) includes the words "attempted [or threatened] use . . . of physical force against the person or property of another," which, as the Eleventh Circuit noted in *United States v. St. Hubert*, indicates Congress's intent to include the attempted or threatened use of physical force as a crime of violence. 909 F.3d 335, 352 (11th Cir. 2018). Presumably, if Congress did not intend for attempt offenses to be classified as crimes of violence, it would not have included such language in the statute. Further, in *Hill v. United States*, the Seventh Circuit held that because a defendant must specifically intend to commit every element of a crime to be guilty of the attempt version of that crime, "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another . . . it makes sense to say that the attempted crime itself includes violence as an element." 877 F.3d 717, 719 (7th Cir. 2017). This is precisely the case here. The court finds the reasonings of the Eleventh and Seventh circuits to be persuasive and adopts their views herein.

A holding to the contrary would be illogical. Under Ninth Circuit precedent, proof of an attempt requires that (1) the defendant specifically intended to commit the criminal offense, and (2) that he took a substantial step towards doing so. *See U.S. v. Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th Cir. 2009). The step required must be of "such substantiality that, unless frustrated, the crime would have occurred." *Id*. (quotations omitted). In other words, but for some external force beyond the defendant's control, his crime would have been successful. In this context, a defendant would attempt to commit the same act (robbery), but in one case he completes his objective, and in another case, he is stopped by a factor beyond his control, such as police intervention or resistance from the victim. The defendant who completes his robbery is considered to have committed a crime of violence, but the defendant possessing the same intent and performing the same actions but who fails does not commit a crime of violence. This scenario results in disparate sentences for defendants who have the same intent and engage in the same conduct, something that Congress has long strived to avoid.

Because Haas' conviction may be upheld under the elements clause of § 924(c), the Supreme Court's decision in *Davis* does not affect Haas' sentence. While Haas was not convicted of the predicate offense, he pled guilty and admitted to the elements of attempted Hobbs Act robbery as part of his plea agreement: Haas admitted that (1) he went to the CVS parking lot on Ft Apache Road and Desert Inn in Las Vegas, Nevada, to rob "Mike" the drug dealer of OxyContin pills; (2) he brought a Rugger 9mm model gun, which during the attempted robbery he used to discharge a "warning shot" at Mike; (3) the Government could prove that OxyContin pills would have traveled in interstate commerce, and that trafficking of OxyContin pills would have affected interstate commerce. *See* ECF No. 27 at 7-8. While the robbery was ultimately thwarted by the intended victim, the admitted facts show that Haas took a substantial step toward committing the robbery. *See id.* Accordingly, Haas's conviction and resulting 120-month sentence withstands his constitutional challenge and is upheld under the elements clause of § 924(c). Haas' motion to vacate, set aside, or correct his sentence is therefore denied.

### C. Certificate of Appealability

To proceed with an appeal of this Order, Petitioner must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483-84.

The Supreme Court's ruling in *Davis* occurred just a few months ago, and this case presents an issue not yet decided by this Circuit. Therefore, the court shall grant Haas a certificate of appealability.

///

///

///

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Haas' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255 (ECF Nos. 37, 39) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

IT IS FURTHER ORDERED that the Government's motion for leave to advise the court of *Blackstone* (ECF No. 47) is **DENIED as moot.** Because section 924(c)'s residual clause is unconstitutionally vague, a petitioner may challenge his or her sentence on a § 2255 motion.

IT IS FURTHER ORDERED that Haas' motion to stay his § 2255 motion (ECF No. 48) is **DENIED as moot**. *See Blackstone*, 139, S. Ct. 2762 (2019) (denying the petition for *Writ of Certiorari*).

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Haas' § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 1st day of October, 2019.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE